IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS JAMES QUEEN, SR., #29623-037	*

    Plaintiff	*

    v.	*     Civil Action No. WMN-06-528

UNITED STATES MARSHALS SERVICE,	*

    Defendant	*
                                    ******

**MEMORANDUM**

On March 1, 2006, Plaintiff Nicholas James Queen, Sr., a federal prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Paper No. 1.  Plaintiff contends that United States Marshals acted improperly in assuming custody of Plaintiff in 1994/1995. *Id.*  Plaintiff has not paid the civil filing fee nor filed a motion for leave to proceed in forma pauperis.  In light of Plaintiff's incarcerated status he shall, however, be granted leave to proceed in forma pauperis.

Upon review of the Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).  Plaintiff was convicted in this court and sentenced on September 30, 1994. *United States v. Queen*, Criminal No. WMN-93-0366 (D. Md. 1993).  The conviction and sentence were affirmed on appeal. Paper No. 144, Criminal No. WMN-93-366 (D. Md. 1993).  Plaintiff's efforts to vacate his convictions and sentences on the grounds that the government did not have jurisdiction to prosecute him have been unsuccessful. *See Queen v. United States,* WMN-05-2942 (D. Md. 2005); *Queen v. United States of America,*

WMN-05-1149 (D. Md. 2005); *Queen v. United States of America*, Civil Action No. WMN-04-1475 (D. Md. 2004); *Queen v. United States of America*, Civil Action No. AW-04-1472 (D. Md. 2004); *Queen v. United States of America*, HNM-00-1841 (D. Md. 2000); *Queen v. United States of America*, HNM-97-1184 (D. Md. 1997); and *United States of America v. Queen*, Criminal No. WMN-96-0366 (D. Md. 1996).

Plaintiff's contention that the United States Marshal's Service acted improperly in assuming custody of him challenges the validity of his current sentence and accordingly must be dismissed. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). In other words, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*. Plaintiff has failed to meet this standard.[1]

This is Plaintiff's first dismissal under 28 U.S.C. § 1915(e). Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

/s/
___3/22/06_____            _____
Date                                                      William M. Nickerson

---

[1] To the extent Plaintiff continues to claim that this court was without jurisdiction to hear his criminal case, Petitioner is reminded that he may file a successive 28 U.S.C. § 2255 only after leave to do so has been granted by the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)& 2255; *Vial*, 115 F.3d at 1197-98 (4th Cir. 1997).

                                               United States District Judge

C:\Documents and Settings\ehildebr\Local Settings\Temp\notesE1EF34\queenaw06-528.memo.wpd